L. Aranna Early v. John Wilson et al.

[Filed March 3, 1891.]

Husband and Wife: Separate Funds: Estoppel: Credit-
ors. A wife inherited considerable money from her father,
which money she loaned to her husband without taking any ev-
idence of indebtedness, and he invested the same as he saw fit.
With a portion of the funds so loaned by his wife the husband
opened and conducted a hotel in his own name as proprietor,
and incurred debts for articles furnished in running the hotel.
After such debts were contracted the husband made a bill of
sale of the furniture and business of the hotel to his wife, but
there was no change in the possession nor in the management
of the business. Thereupon, a creditor of the husband for goods
furnished to the hotel instituted proceedings by attachment,
whereupon the wife brought an action of replevin and reclaimed
the goods. *Held*, That as the wife had permitted her husband
to do business in his own name with her property and incur
debts on the faith that he was the owner thereof, the rights of
such creditors were superior to hers. (*Roy v. McPherson*, 11 Neb.,
197.)

Error to the district court for Buffalo county. Tried
below before Hamer, J.

*Marston & Nevins*, for plaintiff in error, cited: *Horbach
v. Hill*, 5 Sup. Ct. Rep., 81; *Temple v. Smith*, 13 Neb., 513;
*Hedman v. Anderson*, 6 Id., 39; *Steele v. Russell*, 5 Id.,
211; *High v. Bank*, 6 Id., 155; *Smith v. Evans*, 13 Id., 314;
*S. Mfg. Co. v. Shiley*, 15 Id., 109; *Meyer v. R. Co.*, 2 Id.,
319; *Billings v. McCoy Bros.*, 5 Id., 191; *Albertoli v.
Branham*, 22 Pac. Rep., 404.

*A. H. Connor*, and *Stewart & Rose, contra*.

Maxwell, J.

This is an action of replevin brought by the plaintiff
against John Wilson, sheriff of Buffalo county, and R. R.

Greer, plaintiff, in an attachment proceeding against Thomas B. Early. On the trial of the cause in the court below judgment was rendered in favor of the defendants. It appears from the record that prior to the year 1870 the plaintiff inherited from her father a considerable amount of money. Of this fact there seems to be no doubt. This money she loaned to her husband, but took no evidence of his indebtedness to her, and he seems to have been permitted to use it as his own. The husband purchased certain lands in Buffalo county, and afterwards traded the same for a hotel in Kearney. This hotel, subject to certain mortgages, seems to have been in the name of the plaintiff, but it was operated in the name of and conducted by the husband. The plaintiff and her children appear to have lived in another house away from the hotel, although they took their meals at the hotel. The bill of Mr. Greer, one of the defendants, amounting to several hundred dollars, was for goods furnished to the hotel, and the plaintiff made no claim to the furniture therein until March 5, 1888, and after the debt in question had been incurred, when a bill of sale was executed to her by her husband. All the proof shows that there was no change in the possession nor any new consideration paid. The case, therefore, is almost identical with that of *Roy v. McPherson*, 11 Neb., 197, and the language of LAKE, judge, in that case, that whether she (the wife) intended it or not, the legal title was placed in George Roy, and she knew it. So far as the public was advised she laid no claim to it, other than his wife. She stood by and saw him engage in business ventures, and knew, or, rather, was bound to know, that his apparent ownership of the land assisted in giving him credit on which debts would very likely be contracted. And such debts were, in fact, contracted on the strength of such ownership. After all this, it would be the extreme of injustice to say that her secret equity is superior to the lien acquired by these defendants. It is evident that the rights of a cred-

itor who furnished goods to Mr. Early on the strength of his being the proprietor of the hotel and for use therein are superior to the rights of the plaintiff.    The instructions of the court appear to conform to the proof, and the proof is ample to sustain the judgment.

The judgment is therefore

AFFIRMED.

THE other judges concur.